**Sr. Patricia RIDGELEY, and the Committee in Solidarity With the People of El Salvador, Dallas Chapter, Plaintiffs,**

v.

**MERCHANTS STATE BANK, Federal Bureau of Investigation, and Current Director, Federal Bureau of Investigation, Defendants.**

No. CA–3–88–0583–T.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 11, 1988.

Joe K. Crews, Law Offices of James C. Barber, Dallas, Tex., for plaintiffs.

Paul J. Franzetti, Johnson & Cravens, Dallas, Tex., for defendant Merchants State Bank.

R. Joseph Sher, Sr. Trial Counsel, Torts Branch, U.S. Dept. of Justice, Washington, D.C., Paula Mastropieri–Billingsley, Asst. U.S. Atty., Dallas, Tex., for defendants F.B.I. and William B. Sessions.

## ORDER GRANTING MOTIONS TO DISMISS

MALONEY, District Judge.

On May 19, 1988, Defendants Federal Bureau of Investigation (FBI) and its Current Director filed their Motion to Dismiss. On June 6, 1988, Defendant Merchants State Bank (Bank) filed its Motion to Dismiss. Plaintiffs filed their response to both motions on July 8, 1988. Defendant FBI filed its reply on July 29, 1988. The record reflects that on August 4, 1988, the Court granted Plaintiffs' motion for leave to file a response to Defendant FBI's reply within thirty days of the Court's order. To date no response has been filed.

Plaintiffs brought this action pursuant to the Right to Financial Privacy Act, 12 U.S. C. §§ 3401–22 ("the Act"). The Act provides in relevant part that "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution" unless the governmental agency first obtains a subpoena, a summons, a search warrant, or the customer's written consent, or unless the agency submits a formal written request that complies with certain procedural requirements. 12 U.S.C. § 3402. The Act further provides that, "No financial institution ... may provide to any Government authority access to or copies of, or the information contained in, the financial records of any customer except in accordance with the provisions of this chapter." 12 U.S.C. § 3403(a). It is undisputed that Defendant FBI is a governmental agency within the meaning of § 3402, and that Defendant Bank is a financial institution with the meaning of § 3403(a).

Plaintiffs allege that Defendant FBI obtained Plaintiffs' financial records from Defendant Bank and that Defendant Bank released Plaintiffs' financial records to the FBI in violation of the Act.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Defendants move to dismiss for failure to state a claim upon which relief can be granted. Defendants assert that Plaintiffs are not "customers" of a financial institution, and therefore the Act does not protect Plaintiffs' financial records from disclosure to a governmental agency.

This Court is aware that although motions to dismiss for failure to state a claim are disfavored in the law, there are certain instances when a court *should* exercise its power to dismiss a complaint under Rule 12(b)(6). *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921 (5th Cir.1988). Dismissal is certainly appropriate when it is beyond doubt that no set of facts will allow the plaintiff to prevail on its claim. *Mahone*, 836 F.2d at 927.

Section 3401(5) of the Act defines a customer, for purposes of the Act, as, "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." Further, § 3401(4) defines a person as used in § 3401(5) as "an individual or a partnership of five or fewer individuals." Defendants assert that neither Plaintiff is a "customer" within the meaning of the Act because neither is an individual or partnership of five or fewer individuals maintaining an account in the person's name. Defendants argue that this action must therefore be dismissed for failure to state a claim.

Plaintiff Committee responds that it is a customer within the meaning of the Act for two reasons: 1) Amendments made to the Act in 1986 reveal an intention to expand the coverage of the Act to both customers and "entities;" and 2) Plaintiff Committee is a special interest non-profit organization

interested in the affairs of certain Central American countries, and the United States foreign policy as it relates thereto. As such, it is the "organizational framework for a collective effort by individuals to address particular concerns in the Central American region." Plaintiffs' Response, at 8. In essence, Plaintiff Committee argues that it is simply the representative of a collection of individuals whose financial information would be protected by the Act.

■ Plaintiff Committee's arguments fail on several grounds. First, the Court finds that the 1986 Amendment to the Act, adding § 3414(5)(A) does not illustrate an intention to broaden the protections of the Act from "customers" (individuals and partnerships of five or fewer individuals) to "customers and entities." Section 3414(5)(A) expands the FBI's ability in certain situations to procure financial records from those of "entities other than customers" to those of "customers and entities." The use of the word "entity" in § 3414(5)(A), however, in no way amended § 3402, which only prohibits governmental agencies from obtaining the financial records of "customers," i.e., of individuals and partnerships of five or fewer individuals. Therefore, only if Plaintiff Committee is a "customer" within the meaning of the Act, does Plaintiffs' complaint state a claim.

Plaintiff Committee also argues that it is a customer because it is an organization which represents individuals. The few courts which have interpreted this statute, however, have adhered strictly to the explicit, unambiguous definition of customer found in the Act, and have held that the Act protects *individuals* in whose name the financial account is held. *Duncan v. Belcher*, 813 F.2d 1335 (4th Cir.1987). *See also Spa Flying Service v. United States*, 724 F.2d 95 (8th Cir.1984) (because "corporation" is not specifically enumerated in definition of "person" in § 3401(4), it is excluded from definition of person); *Pittsburgh National Bank v. United States*, 771 F.2d 73 (3rd Cir.1985) (corporation not "customer" within scope of Act because only individuals and small partnerships are

"customers" as defined by § 3401(5). With respect to the Act, the Supreme Court has stated,

That statute accords customers of banks and similar financial institutions certain rights to be notified of and to challenge in court administrative subpoenas of financial records in the possession of the banks. The most salient feature of the Act is the narrow scope of the entitlements it creates. Thus, it carefully limits the kinds of customers to whom it applies, §§ 3401(4), (5), and the types of records they may seek to protect, § 3401(2).

*Securities and Exchange Commission v. O'Brien*, 467 U.S. 735, 745, 104 S.Ct. 2720, 2727, 81 L.Ed.2d 615 (1984).

■ This Court finds the reasoning of the foregoing cases persuasive in this case. Although Plaintiff Committee is not a corporation, it is an association or organization other than an individual or partnership of five or fewer individuals. The Court finds Plaintiff's argument that it is just the representative of many individuals to be without merit. That reasoning would circumvent the purpose of the Act in protecting the financial records of only individuals and small partnerships, and would allow any large entity to argue that it is really just the representative of its constituent members. Therefore, the Court concludes that Plaintiff Committee is not a "customer" within the meaning of the Act.

Defendants also contend that Plaintiff Sister Patricia Ridgeley ("Ridgeley") is not a customer within the meaning of the Act. Plaintiffs' complaint alleges that Plaintiff Committee maintained a checking account at Defendant Bank and that Plaintiff Ridgeley was a signatory on that account. Nowhere in the complaint do Plaintiffs allege that Plaintiff Ridgeley maintained any type of financial account at Defendant Bank, about which Defendants allegedly obtained financial information.

■ Plaintiff Ridgeley did not respond to Defendants' argument. The Court finds that the complaint does not allege that Plaintiff Ridgeley maintained any type of financial account at Defendant Bank, and

that Plaintiff Ridgeley is not a customer within the meaning of the Act simply by being a signatory on Plaintiff Committee's checking account.

Therefore, the Court concludes that Plaintiffs' complaint fails to state a claim upon which relief can be granted.

It is therefore ORDERED that Defendants' motions to dismiss are granted and Plaintiffs' complaint is dismissed for failure to state a claim upon which relief can be granted.