**James B. NAGEL, Appellant**

v.

**U.S. DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al.**

**No. 80–1675.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 24, 1983.
Decided Jan. 24, 1984.

Before WILKEY and SCALIA, Circuit Judges, and WEIGEL,* Senior District Judge.

Opinion for the Court filed by Senior District Judge WEIGEL.

WEIGEL, Senior District Judge:

Appellant challenges the district court's grant of summary judgment for appellee and dismissal of appellant's complaint alleging violations of the Privacy Act of 1974 (the Act), 5 U.S.C. § 552(a). The appeal raises two issues: first, to what extent does the Act require exhaustion of administrative remedies as a prerequisite to bringing a civil lawsuit; second, does the maintenance of records describing speech made by an employee in his official capacity violate the Act's ban on maintenance of records describing an individual's exercise of First Amendment rights. The district court concluded that failure to exhaust administrative remedies bars a claim alleging the maintenance of irrelevant and inaccurate records. It also held that records describing an employee's conduct in his official capacity may be kept by the employing agency without violating the Act. We affirm.

Appellant worked as an administrative assistant at Saint Elizabeths Hospital (the hospital) in Washington, D.C., from 1972 until the time he filed his complaint in January, 1979). The hospital is operated by appellee and maintains systems of records used to evaluate employee work performance. Such records, kept as to appellant for the years 1972 through 1978, include two memoranda describing appellant's conduct while attending a course on administrative psychiatry offered by the Washington School of Psychiatry during November, 1975. The course was attended by hospital administrators from various local hospitals. Several employees from the hospital, including appellant, attended the course during working hours. Their fees and expenses were paid by the hospital. Two of those employees each independently submitted an unsolicited memorandum to administrators

Peter B. Broida, Washington, D.C., for appellant.

Ann S. DuRoss, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Royce C. Lambert and R. Craig Lawrance, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

---

* The Honorable Stanley A. Weigel of the United States District Court for the Northern District of California, sitting by designation pursuant to 28 U.S.C. § 294(d).

of the hospital complaining about appellant's conduct at the course. Both memoranda assert that, while participating in the course, appellant made numerous derogatory, malicious and unfounded statements concerning the hospital. The memoranda also express concern as to appellant's ability to be an appropriate representative of the hospital. As a result of the memoranda, the hospital considered instituting disciplinary action against appellant but chose not to do so.

▮ The Privacy Act protects the privacy interests of individuals in information collected about them by federal agencies. It prescribes certain duties for the agencies which collect, store, and disseminate such information. The Act provides in pertinent part:

(e) * * * Each agency that maintains a system of records shall—

\* \* \* \* \* \*

(5) maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary

to assure fairness to the individual in the determination;

\* \* \* \* \* \*

(7) maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity * * * *

5 U.S.C. § 552a.

▮ Appellant first asserts that the district court erred in denying his claim that the hospital maintained irrelevant and inaccurate records concerning his work performance. The denial was based upon his failure to exhaust administrative remedies. The Act provides that an individual seeking amendment of his records on the grounds that they are not accurate, relevant, timely, or complete must request such amendment by the agency. After receiving such a request the agency must either amend the individual's records or inform him of its reasons for refusing to do so, provide for agency review of the refusal, and notify him of his right to seek judicial review.[1]

---

1. The Act provides in pertinent part:

(d) * * * Each agency that maintains a system of records shall—

(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence;

(2) permit the individual to request amendment of a record pertaining to him and—

(A) not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

(B) promptly, either—

(i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

(ii) inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the indi-

vidual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

(3) permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination unless, for good cause shown, the head of the agency extends such 30-day period; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section;

\* \* \* \* \* \*

(g)(1) * * * Whenever any agency

(A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

Exhaustion of these administrative remedies is a prerequisite to bringing civil suit to compel amendment.[2] *See, e.g., Schuler v. United States,* 617 F.2d 605, 609 (D.C.Cir. 1979), *aff'd en banc,* 628 F.2d 199 (D.C.Cir. 1980); *Harper v. Kobelinski,* 589 F.2d 721, 723 (D.C.Cir.1978); *Liguori v. Alexander,* 495 F.Supp. 641, 646–47 (S.D.N.Y.1980); *Metadure Corp. v. United States,* 490 F.Supp. 1368, 1375 (S.D.N.Y.1980).

■ Appellant has never requested that the hospital amend his records to correct or delete any inaccurate, irrelevant, untimely, or incomplete material. He is therefore precluded from raising any claims in the present suit based upon the maintenance of such records.

■ Appellant also contends that the hospital, in violation of Section (e)(7) of the Act, 5 U.S.C. § 552a(e)(7), maintained records describing his exercise of First Amendment rights. Suit to redress illegal recordation of protected speech does not require any exhaustion of administrative remedies. The mere compilation by the government of records describing the exercise of First Amendment freedoms creates the possibility that those records will be used to the speaker's detriment, and hence has a chilling effect on such exercise. The appropriate relief for violations of Section (e)(7) includes damages as well as amendment or expungement of unlawful records. *See, e.g., Clarkson v. Internal Revenue Serv.,* 678 F.2d 1368, 1375–76 & n. 11 (11th Cir.1982); *Edison v. Department of*

*the Army,* 672 F.2d 840, 846–47 (11th Cir. 1982); *Parks v. United States Internal Revenue Serv.,* 618 F.2d 677, 682–84 (10th Cir. 1980). An individual who states a claim for damages under the Act need not exhaust his administrative remedies. *See* 5 U.S.C. § 552a(g)(4). Clearly, then, appellant is not barred from asserting a violation of Section (e)(7) by virtue of his failure to exhaust such remedies.

■ Maintenance of a record describing the exercise of First Amendment rights does not violate Section (e)(7) if the record is "pertinent to and within the scope of an authorized law enforcement activity * * *" 5 U.S.C. § 552a(e)(7). An employer's determination whether an employee is performing his job adequately constitutes an authorized law enforcement activity under Section (e)(7).[3] A federal agency does not violate the Act if it records, for evaluative or disciplinary purposes, statements made by employees while at work. *Cf. American Fed'n of Gov't Employees v. Schlesinger,* 443 F.Supp. 431, 435 (D.D.C.1978) (maintenance of records designed to prevent employee conflicts of interest within law enforcement exception).

■ The two memoranda kept in appellant's file by the hospital describing his conduct at the administrative psychiatry course fall within the law enforcement exception to the Act's ban on agency recordation of the exercise of First Amendment

---

(B) refuses to comply with an individual request under subsection (d)(1) of this section;

\*  \*  \*  \*  \*  \*

the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a.

2. By contrast, exhaustion of administrative remedies is not required where an individual seeks damages pursuant to 5 U.S.C. § 552a(g)(4). The asserted failure of an agency to maintain accurate, relevant, timely, and complete records states a claim for damages under Section (g)(1)(C) of the Act, 5 U.S.C. § 552a(g)(1)(C), only if that failure results in an

agency "determination [that] is adverse to the individual * * * *" Appellant has alleged no such adverse determination in this case.

3. While the term "law enforcement" summons up images of criminal law, the legislative history of the provision makes it clear that it does not have that meaning here. *See* 120 Cong. Rec. 36651 (1974) (remarks of Rep. Ichord). Of course, this "law enforcement" exception is confined to the employer-employee relationship. If an agency compiles records describing the exercise of First Amendment rights by an individual who is not an employee of that agency, it is unlawful unless there is some other basis which renders the information "relevant to an authorized criminal investigation or to an authorized intelligence or administrative one."

rights.[4] Those memoranda describe malicious and highly disruptive speech made by appellant not only while on the job but while acting as an official representative of the hospital.[5] They were properly retained in appellant's file pursuant to the hospital's evaluation of appellant's work performance and enforcement of employee standards of conduct. The judgment of the district court is affirmed.

---

*Jabara v. Webster,* 691 F.2d 272, 280 (6th Cir. 1982).

4. In the primary case upon which appellant relies, *Albright v. United States,* 631 F.2d 915 (D.C.Cir.1980), no claim was raised that the challenged surreptitious videotaping of a meeting between employees and their employer was done for a legitimate law enforcement activity.

5. The memoranda state that appellant's comments at the course were "destructive" and likely to "grossly distort any outsider's view of the functioning and administration of [the hospital]." The memoranda conclude that appellant's statements interfered with the conduct of the course. Because appellant's speech was properly recorded pursuant to the law enforcement exception to Section (e)(7) of the Act, the Court need not reach the issue whether these characteristics of appellant's speech rendered it without First Amendment protection. *See, e.g., Pickering v. Board of Educ.,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Foster v. Ripley,* 645 F.2d 1142, 1147–49 (D.C.Cir.1981).