842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William T. WOHLFORD, Mary Clare D. Wohlford, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF AGRICULTURE, Edward A. Raglan,
State Director Virginia FMHA, Roie M. Godsey, State Director
Virginia FMHA, Arthur L. Mitchell, Farm Programs Chief and
Hearing Officer, Virginia FMHA, John M. Slusser, Jr.,
District Director and Hearing Officer Virginia FMHA, Robert
O. Munsey, District Director II, Virginia FMHA, George F.
Reasor, Wythe County Supervisor Virginia FMHA, Terry Martin,
Assistant County Supervisor Virginia FMHA, Jack S. Poole,
former County Committee Chairman, Wythe County, Virginia
FMHA, A.W. Branscome, Wythe County Committee, Virginia FMHA,
Evelyn D. Steffey, Wythe County Committee, Virginia FMHA,
United States of America, Mary Ferguson, Loan Specialist,
USDA FMHA, Defendants-Appellees
and
John R. Block, Secretary, United States Department of
Agriculture, Charles W. Shuman, Present or former
Administrator, Farmers Home Administration, Larry W. Godwin
State Director, North Carolina FMHA, Neal Sox Johnson,
Deputy Administrator for Program Operations, FMHA, Glenn J.
Hertzler, Acting Assistant Administrator Farmer Programs
FMHA, Wilton L. Ward, Branch Chief, USDA FMHA, Alan West,
Loan Specialist USDA FMHA, Paul W. Bailey, District Director
and Hearing Officer, North Carolina FMHA, Robert R.
Stansberry, Assistant Deputy Administrator and Review
Officer FMHA, Defendants.
 87-2043.
 United States Court of Appeals, Fourth Circuit.
 March 17, 1988.
 
 William T. and Mary Clare D. Wohlford, appellants pro se.
 Richard Wilcox Pierce, John P. Alderman, Office of United States Attorney, for appellees.
 Before MURNAGHAN and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 William T. and Mary Clare D. Wohlford, goat dairy farmers in Wytheville, Virginia, initiated this action pro se on February 8, 1985, alleging forty-five "causes of action" against the United States, the Department of Agriculture, and twenty current and former officials of the Farmers Home Loan Administration, arising out of the handling of their farm loan appeals. They alleged violations of the first, fifth and ninth amendments, the Privacy Act, 5 U.S.C. Sec. 552a, the Freedom of Information Act, 5 U.S.C. Sec. 552, and the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671. The district court held a bench trial, after which it entered judgment for the defendants on January 29, 1987. This appeal followed.
 
 
 2
 The district court properly dismissed causes ten through forty-five against all the defendants in their individual and official capacities because the Wohlfords failed to state a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). They could not prove that the defendants burdened their religious freedom under the free exercise clause of the first amendment. See Braunfeld v. Brown, 366 U.S. 599, 603 (1961); Cantwell v. Connecticut, 310 U.S. 296, 303-04 (1940). Nor could they prove that the defendants deprived them of a protected liberty or property interest in obtaining a loan under the fifth amendment. See Board of Regents v. Roth, 408 U.S. 564 (1972). And the ninth amendment creates no constitutional rights. Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir.1986).
 
 
 3
 The district court properly dismissed cause six for nonexhaustion. See Nagel v. United States Dep't of Health, Educ. and Welfare, 725 F.2d 1438, 1441 & n. 2 (D.C.Cir.1984).
 
 
 4
 The district court properly dismissed causes one, two, three, five, seven and eight, the Privacy Act claims, because the Wohlfords could not prove that the defendants intentionally or willfully maintained inaccurate records and that the records caused their loan denials. See Albright v. United States, 732 F.2d 181, 186-90 (D.C.Cir.1984); Edison v. Dep't of the Army, 672 F.2d 840, 845 (11th Cir.1982).
 
 
 5
 The district court properly dismissed cause nine, the Freedom of Information Act claim, because the Wohlfords already have gained access to the Johnson memorandum, and therefore the claim is moot. See Hill v. United States Air Force, 795 F.2d 1067, 1069 (D.C.Cir.1986).
 
 
 6
 The district court properly dismissed the claim under the Federal Tort Claims Act because the defendants' actions in administering farm loans fall under the Act's exception for discretionary actions. See Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 375 (5th Cir.1987); Tuepker v. Farmers Home Admin., 708 F.2d 1329, 1333 (8th Cir.1983).
 
 
 7
 The district court acted within its discretion in denying the Wohlfords' Fed.R.Civ.P. 59 motion. See Lindner v. Durham Hosiery Mills, 761 F.2d 162, 168 (4th Cir.1985). The Wohlfords failed to present sufficient grounds for disturbing the district court's judgment.
 
 
 8
 The district court also acted within its discretion in granting the defendants' motion to quash interrogatories. Interrogatories are for parties only. See Fed.R.Civ.P. 33; 8 C. Wright & A. Miller, Federal Practice and Procedure, Sec. 2171 (1970).
 
 
 9
 Finally, the district court's failure to sever the second supplementary complaint was not an abuse of discretion because the Wohlfords voluntarily dismissed that complaint.
 
 
 10
 Accordingly, we affirm the judgment below. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 11
 AFFIRMED.