UNITED STATES of America,

v.

Francis A. GILLOTTI, a/k/a Frank A. Gillotti, Defendant.

No. 92–CR–81A.

United States District Court,
W.D. New York.

Jan. 28, 1993.

Dennis C. Vacco, U.S. Atty., Marc S. Gromis, Asst. U.S. Atty., of counsel, Buffalo, NY, for U.S.

Richard C. Southard, Lockport, NY, for defendant.

## ORDER

ARCARA, District Judge.

This matter was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(B), for report and recommendation on defendant's motions to suppress evidence and dismiss the indictment. Magistrate Judge Foschio filed a Report and Recommendation on December 30, 1992, denying defendant's motions.

This Court, having carefully reviewed Magistrate Judge Leslie G. Foschio's Report and Recommendation, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed to the Magistrate Judge's Report in the above-captioned matter, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge's Report and Recommendation is accepted in its entirety.

IT IS FURTHER ORDERED that the parties shall appear in Part II of this Court at 9:00 a.m. on February 8, 1993 for a meeting to set trial date.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

FOSCHIO, United States Magistrate Judge.

### JURISDICTION

This matter was referred to the undersigned on May 8, 1992 by the Hon. Richard J. Arcara for report and recommendation on any dispositive motions. The matter is pres-

ently before the court on Defendant's motion to suppress evidence and to dismiss the indictment.

## BACKGROUND

Defendant, Gillotti, was charged in a three count information, dated April 4, 1992, with violations of 26 U.S.C. § 7203. Specifically, Gillotti is charged with willfully failing to file income tax returns for the years 1985, 1986, and 1987.

On July 10, 1992, Gillotti filed a motion to suppress records obtained pursuant to administrative summonses issued under 26 U.S.C. § 7602 and § 7609 on the basis that the summonses were improperly issued, to dismiss the indictment on the ground of government misconduct, to dismiss the indictment for failure of the IRS to comply with the notice requirement of the Privacy Act of 1974, 5 U.S.C. § 552a, to suppress records obtained in violation of the Privacy Act, and to dismiss the indictment on the ground of selective or discriminatory prosecution.

In its response, the Government stated that, as the Internal Revenue Service ("IRS") referred Gillotti's case for criminal prosecution on November 27, 1989 and no administrative summonses were issued after July 1, 1989, there can be no claim of an improper issuance of a summons after the referral, and, therefore, the motion to suppress the records obtained through the use of summons should be denied. The Government also maintains that there is no basis to Gillotti's assertion that he did not receive proper notice of the summonses as required by 26 U.S.C. § 7609 as the summonses were served by certified mail and Gillotti personally signed the post office receipt. Therefore, there was no government misconduct in the serving of these summonses. As to the alleged violations of the Privacy Act, the Government claimed that such assertions have been rejected as frivolous by numerous courts. Finally, the Government contends that Gillotti's claims of selective and/or discriminatory prosecution are unfounded and unsubstantiated and Gillotti's motion to dismiss on this basis should also be denied.

Oral argument on these issues was held on October 22, 1992, at which time counsel agreed to submit these motions to the court on the papers.

For the reasons as set forth below, the court recommends that Gillotti's motions to dismiss and motions to suppress be DENIED.

## DISCUSSION

1. *Motion to Suppress Records/Dismiss the Indictment on the Grounds of Abuse of Process and Wrongful Issuance of Summonses.*

■ Gillotti claims that, at the time the administrative summonses were issued in this case, the IRS was not collecting information relating to his civil tax liability, but, rather, issued the summonses for the purpose of obtaining evidence to use in a criminal prosecution against him. Gillotti also contends that the Government delayed submitting a recommendation to prosecute to the Department of Justice in order to gain additional information for the criminal prosecution. The Government claims that these arguments are unfounded as the criminal referral was not made until more than five months after the last administrative summonses were issued, and that there was no intentional delay on the part of the IRS to delay the referral as a special agent's report recommending criminal prosecution was mailed to Albany for review by the IRS quality review office there on July 18, 1989 and, thereafter, district counsel in the Buffalo office was empowered to concur in the agent's recommendation or to forego any criminal referral and simply seek civil penalties from Gillotti. In either event, the Government asserts, the administrative summonses were issued well before either of these events took place.

This court, in a separate Memorandum and Order, dated December 30, 1992, found that, based on the fact that Gillotti had not made a substantial preliminary showing of an alleged abuse of process or that the administrative summonses issued in this case were improper, an evidentiary hearing into the issue was not warranted. See, Memorandum and Order at pages 5–6. See also, *United States v.*

*Millman,* 765 F.2d 27, 29 (2d Cir.1985); *United States v. Tiffany Fine Arts,* 718 F.2d 7, 14 (2d Cir.1983), *aff'd,* 469 U.S. 310, 105 S.Ct. 725, 83 L.Ed.2d 678 (1985). The court could find no basis on which to order an evidentiary hearing.

In *DeGroote v. United States,* 1986 WL 8877 (W.D.N.Y.1986) (Telesca, J.), the court stated that 26 U.S.C. § 7602(c) was enacted in 1982 to provide a "bright line" test to determine when a referral for prosecution had occurred. Pursuant to the statute, a Justice Department referral is in effect as of the date when the case has been recommended to the Attorney General for a grand jury investigation or for a criminal prosecution for any offense connected with the enforcement of the internal revenue laws. 26 U.S.C. § 7602(c)(2)(A). The court further stated in *DeGroote* that the legislative history of 26 U.S.C. § 7602 indicated that Congress expected that, once a Department of Justice referral had taken place, the IRS would not use its own summons power as to do so would contravene the exclusive authority given the Department of Justice to pursue a criminal prosecution. See, *DeGroote, supra,* at page 2.

In this case, it is clear from the record that the summonses were issued well before the date of the referral of the action to the Department of Justice for criminal prosecution. Therefore, there is no basis on which to suppress the records obtained pursuant to these summonses or on which to dismiss the indictment based on improper usage of these summons.

■ As to Gillotti's claim of intentional delay, there is no evidence in the record that the IRS delayed referring this case for prosecution pending its receipt of records from the summonses it had issued in this case. It is not improper for the IRS to issue a civil summons when it is considering a criminal prosecution unless the summons is issued after recommendation of the criminal prosecution to the Department of Justice. *United States v. MacKenzie,* 777 F.2d 811, 819 (2d Cir.1985). However, a defendant may inquire into the "good faith" of the IRS in issuing the summonses even if they were issued before the criminal prosecution recommendation. *MacKenzie, supra,* at 819. In

making such an inquiry, a court is required to look at the "institutional" posture of the IRS rather than that of the individual agent in deciding whether the IRS itself had been acting in good faith. *MacKenzie, supra,* at 819.

In this case, there is no evidence that the IRS decided on the criminal prosecution against Gillotti, yet delayed the referral to the Department of Justice in order to issue summonses designed to obtain records useful in the prosecution, thereby evading the limitations set forth in 26 U.S.C. § 7602. The earliest date on which an agent's report was sent to Albany for review by the IRS's quality review office was July 18, 1989, well after the last summons was issued. See, Affidavit of Thomas R. Hess at ¶3, dated July 23, 1992. Absent specific fact-based allegations, there is no basis on which to find that the IRS deliberately delayed referring the case to the Department of Justice to obtain information from Gillotti to bolster a previously determined criminal prosecution referral.

■ Finally, as to Gillotti's assertion that notice of the issuance of summonses to third-party record holders was not provided to him by the IRS as required by 26 U.S.C. § 7609, this allegation is clearly contradicted by IRS Special Agent Thomas R. Hess who states that notice of these summonses, as required by the statute, were sent by certified mail to Gillotti. See, Affidavit of Thomas R. Hess at ¶2, dated July 23, 1992. Agent Hess further states that his file on Gillotti contains numerous certified mail receipts signed by Gillotti. See, Affidavit of Thomas R. Hess at ¶2, dated July 23, 1992. Gillotti has not provided the court with any contradictory evidence. Therefore, the court concludes that the required notice was indeed provided to Gillotti.

Accordingly, based on the above, this motion to dismiss and/or to suppress records should be DENIED as there is no substantive basis on which to find that any abuse of process or improper service of summons resulted in this case.

2. *Motion to Suppress Records/Dismiss the Indictment on the Ground that the Privacy Act was violated.*

■ Gillotti has also filed a motion to dismiss the indictment and/or to suppress evi-

dence on the ground that the IRS violated the Privacy Act of 1974, 5 U.S.C. § 552a, by failing to inform taxpayers of specific criminal penalties for failure to file tax returns. Gillotti claims that such disclosure is mandatory in order to protect each individual taxpayer's due process rights and privacy, and to inform the taxpayer as to the specific penalties or consequences of the non-disclosure. Gillotti also argues, pursuant to his motion to suppress, that the prosecution should not be allowed to use evidence illegally obtained in direct violation of Section 552a(e)(7) of the Privacy Act. The Government counters that these arguments are frivolous.

While the Second Circuit has not ruled directly on the disclosure issue, numerous courts have held that Gillotti's argument relating to disclosure of penalties is without merit. See, *United States v. Bressler,* 772 F.2d 287, 292 (7th Cir.1985), *cert. denied,* 474 U.S. 1082, 106 S.Ct. 852, 88 L.Ed.2d 892 (1986) (IRS notice need not inform the taxpayer of the specific criminal penalty that may be imposed in order to comply with Privacy Act requirements); *United States v. Bell,* 734 F.2d 1315, 1318 (8th Cir.1984) (IRS' failure to inform taxpayer of criminal penalties that could result from failure to file does not constitute violation of Privacy Act); *United States v. Rickman,* 638 F.2d 182, 183 (10th Cir.1980) (nothing in 5 U.S.C. § 552a requires IRS to include on its tax forms information as to specific criminal penalties that may be imposed for failure to file tax returns). The *Bressler* court further stated that, even if the defendant in that case had made a sustainable argument, the proper remedy would be a civil action under Section 552a(g)(1) of the Privacy Act, not dismissal of the indictment. See, *Bressler, supra,* at 293. The Second Circuit, in an analogous case relating to forms issued by the Social Security Administration, held that it was not necessary that the forms fully apprise applicants of all the rules and regulations of the Social Security program in order to comply with the provisions of Section 552a of the Privacy Act. See, *Glasgold v. Secretary of Health and Human Services,* 558 F.Supp. 129 (E.D.N.Y. 1982), *aff'd,* 706 F.2d 407 (2d Cir.1983), *cert. denied,* 464 U.S. 984, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983). Therefore, Gillotti's argument on this ground must fail.

■ Gillotti also argues that the Government has violated Section 552a(e)(7) of the Privacy Act in collecting evidence against him and that it should not be allowed to enjoy the fruits of the illegal collection of such evidence.

Section 552a(e)(7) of the Privacy Act states that:

Each agency that maintains a system of records shall maintain no record describing how any individual exercises rights guaranteed by the First Amendment unless expressly authorized by statute or by the individual about whom the record is maintained or unless pertinent to and within the scope of an authorized law enforcement activity.

Gillotti argues that the IRS has files and records relating to his political expressions in violation of his First Amendment rights, albeit conceding that the extent of such files and records are unknown unless the court orders the Government to reveal its files. Gillotti seeks an evidentiary hearing related to the extent of the IRS' alleged "political spying" and the use of the information so gathered.

Although the Second Circuit has not decided this issue, five other circuit courts have determined a standard to be used when evaluating claims under Section 552a(e)(7). See, *Patterson v. Federal Bureau of Investigation,* 893 F.2d 595, 603 (3d Cir.1990), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990) (agencies are required to demonstrate that any and all records maintained on an individual's exercise of First Amendment rights are relevant to an authorized law enforcement activity of the agency, and that there exists a sufficient basis for the maintenance of such records); *MacPherson v. Internal Revenue Service,* 803 F.2d 479, 484 (9th Cir.1986) (court should make a case-by-case analysis as to whether an agency's actions were pertinent to authorized law enforcement activity); *Jabara v. Webster,* 691 F.2d 272, 279 (6th Cir.1982), *cert. denied,* 464 U.S. 863, 104 S.Ct. 193, 78 L.Ed.2d 170 (1983) (Section 552a(e)(7) "allows investiga-

tion with respect to the exercise of First Amendment rights if such investigation is relevant to an authorized criminal investigation or to an authorized intelligence or administrative one"); *Clarkson v. Internal Revenue Service*, 678 F.2d 1368, 1375 (11th Cir. 1982), *cert. denied*, 481 U.S. 1031, 107 S.Ct. 1961, 95 L.Ed.2d 533 (1987) (Section 552a(e)(7) is violated "to the extent that the [agency] has engaged in the practice of collecting protected information, unconnected to any investigation of past, present or anticipated violations of the statutes which it is authorized to enforce ..."). See also, *Nagel v. U.S. Department of Health, Education, and Welfare*, 725 F.2d 1438, 1441 n. 3 (D.C.Cir.1984) (adopting *Jabara* standard).

■ Gillotti seeks to interpose an argument predicated on Section 552a(e)(7) in the context of a criminal case, claiming that the information in the IRS files was obtained illegally, and therefore should not be used against him in a criminal action. However, as in his other arguments, Gillotti fails to show any factual basis for this claim and simply requests an evidentiary hearing in order to obtain the necessary information to pursue this theory. Without even a limited basis on which to find that a violation of this section of the Privacy Act occurred, the court finds no reason or basis on which to order an evidentiary hearing. Additionally, the court notes that the appropriate relief for a violation of Section 552a(e)(7) is found in the statute and allows for damages as well as amendment or expungement of the unlawful records. See, *Nagel, supra*, at 1441. Finally, there is nothing in the statute itself, nor in any judicial authority, which suggests that its violation may provide any form of relief in a federal criminal prosecution. See, *Bressler, supra*, 772 F.2d at 292 (defendant not entitled to reversal of conviction on basis that IRS failed to comply with Privacy Act); *Bell, supra*, 734 F.2d at 1317 (Privacy Act argument not sufficient basis to reverse conviction); *United States v. Karsky*, 610 F.2d 548, 549 n. 2 (8th Cir.1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980) (on appeal, court held that defendant's argument that trial court erred in denying his motion to dismiss because of IRS' failure to

comply with notice requirements of Privacy Act to be without merit).

Therefore, in the absence of case law supporting Gillotti's position, along with the insufficient factual basis presented by him, the court concludes that Gillotti's arguments based on Section 552a of the Privacy Act are without merit, and, accordingly, his motions to dismiss the indictment and/or to suppress evidence on this ground should be DENIED.

### 3. *Motion to Dismiss based on Selective Prosecution.*

■ Gillotti has requested an evidentiary hearing, followed by a dismissal of the indictment, on the ground that the Government's prosecution against him is discriminatory. Specifically, Gillotti claims that, as he has been labeled as a "tax protester", the IRS never sought to collect taxes in a civil matter, but, rather, immediately planned "criminal attacks" against him due to the exercise of his constitutional rights of free speech and freedom in political activities. See, Defendant's Motion to Dismiss on Grounds of Selective or Discriminatory Prosecution at page 2, dated April 21, 1992. The Government argues that these claims are unsubstantiated, and that Gillotti has not presented any proof as to these claims, and, accordingly, Gillotti's request for a hearing and dismissal should be denied.

■ To support a defense of selective or discriminatory prosecution, a defendant bears the burden of establishing a *prima facie* case that, (1) while others similarly situated have not generally been proceeded against because of the conduct of the type forming the basis of the charge against him, the defendant has been singled out for prosecution, and, (2) that the government's discriminatory selection of him for prosecution has been in bad faith, based upon such impermissible considerations as race, religion, or the desire to prevent the defendant's exercise of constitutional rights. *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir.1974); *Acevedo v. Surles*, 778 F.Supp. 179, 186 (S.D.N.Y.1991); *United States v. Boffardi*, 684 F.Supp. 1263, 1266 (S.D.N.Y.1988). Some selectivity, however, consciously exercised does not raise a constitutional violation.

990

See, *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); *Berrios, supra*, 501 F.2d at 1211. This standard has been held to be applicable to investigations and prosecutions involving the Internal Revenue Service. *St. German of Alaska E. Orthodox Catholic Church v. United States*, 840 F.2d 1087, 1095 (2d Cir.1988); *Acevedo, supra*, 778 F.Supp. at 186. No evidentiary hearing or discovery is required unless the court, in its discretion, finds that the required *prima facie* showing has been made as to both elements of the test. *St. German of Alaska E. Orthodox Catholic Church, supra*, 840 F.2d at 1095; *United States v. Moon*, 718 F.2d 1210, 1229 (2d Cir.1983).

In this case, Gillotti has only raised conclusory allegations as to the charge of selective or discriminatory prosecution. Gillotti has described his background as a so-called "tax protester", and questions why he is being prosecuted by the Government when there are many "tax protesters" in the Buffalo area who have not been similarly charged, but does not substantiate this bald assertion. Gillotti also argues that the IRS' prosecution of him is politically motivated, however, he offers no substantive proof as to why this is so. The court concludes that, based on the record as presented by Gillotti, Gillotti has failed to establish a *prima facie* case of selective prosecution based on the two-prong test as set forth in *Berrios*. Accordingly, no evidentiary hearing is warranted, and Gillotti's motion to dismiss on this ground should be DENIED. See, *St. German of Alaska E. Orthodox Catholic Church, supra*, at 1096 (no evidentiary hearing required where petitioner failed to carry his burden of showing that the IRS' investigation was motivated by "the desire to prevent [the] exercise of [petitioner's] constitutional rights").

### CONCLUSION

Based on the above discussion, I recommend that Defendant Gillotti's motions to dismiss the indictment and/or to suppress the evidence in this case be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 30(a).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal that District Court's order.* *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir.1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir.1988).

Let the Clerk send a copy of this Report and Recommendation to counsel for the Government and the Defendant.

SO ORDERED.

Dated: December 30, 1992