**Ralph Roger BERGMAN, Plaintiff-Appellant,**

v.

**UNITED STATES of America, et al, Defendants-Appellees.**

Nos. 83–2426, 83–2429.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 1984.

Rehearing Denied March 14, 1985.

Frederic W. Schwartz, Jr., Washington, D.C. (Glenn A. Bergmann, Denver, Colo., with him on brief), for plaintiff-appellant.

Nancy E. Rice, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., with her on brief), for defendants-appellees.

Before LOGAN, BREITENSTEIN and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

These two appeals have been companioned in this Court for dispositional purposes. From the record before us, we learn that Ralph Roger Bergman was employed by various agencies within the Department of Commerce at Boulder, Colorado from 1962 to March, 1977. Bergman was temporarily removed from his employment in 1968, and again in 1973, pursuant to Reduction in Force proceedings. In each instance he was, in time, rehired. In March, 1977, Bergman was retired on disability from his employment in the Department.

In 1976, shortly before his retirement, the Civil Service Commission, now the Office of Personnel Management, conducted an audit of Bergman's work record, and determined that the official position descriptions of the jobs held by Bergman from 1962 to 1976 were inadequate. The Commission then prepared new duty statements for the period in question and ordered the Department to include such in Bergman's official personnel folder. This was done.

Subsequent to his retirement, Bergman asked the Department to reclassify retroactively his earlier work positions in an apparent effort to show, *inter alia*, that he should not have suffered the Reduction in Force proceedings in 1968 and 1973. On October 25, 1977, the Department notified Bergman in writing that it had no power to reclassify positions retroactively in the manner requested by Bergman.

On October 7, 1982, Bergman filed, *pro se*, in the United States District Court for the District of Colorado, an action against the Department of Commerce under the Privacy Act, 5 U.S.C. § 552a, alleging that the Department had unlawfully refused to "correct" his classification records for which wrong he sought injunctive relief and $200,000 in monetary damages.[1] The

---

1. In 1978, Bergman had filed a similar action in the U.S. Court of Claims. This action was dismissed, in part because the Court of Claims lacked subject matter jurisdiction to award back pay or reclassify employee positions. *Bergman*

Department responded with a motion to dismiss, or, in the alternative, for summary judgment, contending, *inter alia*, that the action was barred by the two-year statute of limitations set forth in 5 U.S.C. § 552a(g)(1), (5). The district court, on September 20, 1983, entered summary judgment in favor of the Department, holding that the action was time barred. The district court's Memorandum was not published.

On February 4, 1983, Bergman filed, *pro se*, a separate and second action in the United States District Court for the District of Colorado against the Department of Commerce under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, alleging that employees of the Department of Commerce, while acting within the scope of their employment, violated certain non-discretionary, regulatory and statutory mandates resulting in economic, physical and psychological harm for which he sought $750,000. The Department responded with a motion to dismiss, or, in the alternative, for summary judgment, contending, *inter alia*, that the action, as pleaded, did not come within the purview of the Federal Tort Claims Act. On July 25, 1983, the district court granted the Department's motion and entered summary judgment in its favor. The district court's Memorandum Opinion and Order appears at 567 F.Supp. 460 (D.Colo.1983).

Bergman appeals both of the adverse judgments sustained by him in the district court. Appeal No. 83–2426 relates to the action brought under the Privacy Act. Appeal No. 83–2429 relates to the action brought under the Federal Torts Claim Act. Before considering separately these two appeals, we note that the complaints in each underlying action were filed *pro se*, and, as did the district court, we find them somewhat difficult to track.

### No. 83–2426 (Privacy Act)

■ As stated, the district court granted summary judgment in favor of the Department of Commerce as concerns Bergman's cause of action based on the Privacy Act.

The gist of Bergman's initial complaint was that the Department refused his request to amend and "correct" retroactively his employment records. 5 U.S.C. § 552a(g)(1)(C) allows an individual to sue whenever an agency fails to maintain an employment record "with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to ... benefits to the individual. ... " 5 U.S.C. § 552a(g)(1), (5) provides that an action under the section may be brought "within two years from the date on which the cause of action arises." In ascertaining when Bergman's cause of action arose, the district court held that it arose at the time: 1) an error was made in maintaining Bergman's records; 2) Bergman was wronged by such error; and 3) Bergman either knew or had reason to know of such error. The district court held that in the instant case all three conditions were met, at the very latest, on October 25, 1977, when the Department notified Bergman in writing that the Department could not retroactively classify job positions, grant him "monetary relief," or pay his legal fees or other expenses, or otherwise reconsider the 1973 Reduction in Force discharge. The underlying action in No. 83–2426 was not instituted until October 7, 1982, almost five years after the letter was sent to Bergman by the Department. We find no error in the district court's analysis of this matter. In support of the action taken, *see Oppenheim v. Campbell*, 571 F.2d 660 (D.C.Cir.1978), where the D.C. Circuit held that a similar action, though not identical to the one asserted here by Bergman, arose when the plaintiff's "right to resort to federal court was perfected." *See also R.R. v. Department of Army*, 482 F.Supp. 770, 774, n. 12 (D.C.D.C.1980) (holding that a "cause of action for damages occurred only when the VA denied [the plaintiff] benefits in reliance on incorrect Army records").

Bergman would avoid the ruling of the district court by asserting that the 1977

*v. United States,* No. 84-78 (Ct.Cl.1982), *aff'd,*

706 F.2d 319 (Fed.Cir.1983).

letter did not, with finality, trigger the two-year statute, and that a new cause of action arose upon each and every subsequent adverse determination based on erroneous records. In this regard, Bergman, by a supplemental complaint, alleged that as recently as March 21, 1983, he had renewed his request of the Department for reclassification, and that his renewed request had been denied. The district court rejected this argument, as do we. To subscribe to such would, in practical effect, mean that the two-year statute would never run. *See, e.g., Oppenheim v. Campbell,* 571 F.2d at 662 (plaintiff's claim accrues when he is "first harmed"); *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir.1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation").

### No. 83–2429 (Tort Claim)

 This appeal concerns Bergman's *pro se* complaint based on the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* Again, the complaint is hard to follow. However, in granting the Department's summary judgment, the district court gave Bergman the benefit of any doubt and interpreted it as alleging not only an action sounding in tort, but also as an action based on an implied cause of action arising out of a breach of statutory duty, as well as an action based on intentional infliction of emotional distress. As concerns each, the district court held as follows: 1) Bergman's claim based on negligence is actually one for "misrepresentation, deceit and slander" and therefore is barred by the immunity retained under 28 U.S.C. § 2680(h), *see Wine v. United States,* 705 F.2d 366 (10th Cir.1983); 2) There is no implied cause of action since Congress had already expressly created a variety of administrative and judicial remedies "to cover the problem," *see Northwest Airlines, Inc. v. Transport Workers Union of America,* 451 U.S. 77, 97, 101 S.Ct. 1571, 1583, 67 L.Ed.2d 750 (1981) ("The presumption that a remedy was deliberately omitted from a statute is

strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement"); and 3) that while a claim for intentional infliction of emotional distress may be barred by 28 U.S.C. § 2680(h),[2] in any event, Bergman's allegations in his complaint and "documentary evidence" do not make out a claim of intentional infliction of emotional distress under Colorado law, which requires "outrageous conduct" which is "so extreme in degree as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community," *Trimble v. Denver,* 645 P.2d 279, 282 (Colo.App.1981).

We are in complete accord with the reasoning and result reached by the district court, and on that basis, we affirm.

Judgment affirmed.

---

2. 28 U.S.C. § 2680(h) retains sovereign immunity from claims based on intentional torts. Several courts, however, have held that claims for intentional infliction of emotional distress are not barred by § 2680(h). *See, e.g., Gross v. United States,* 676 F.2d 295 (8th Cir.1982).