17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael MANGINO, Plaintiff-Appellant,
v.
DEPARTMENT OF THE ARMY and The Defense Investigative
Service, Defendants-Appellees.
 No. 93-3162.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE and KELLY, Circuit Judges, and BRIMMER,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff appeals from the district court's dismissal of several of his claims for lack of jurisdiction and failure to state a claim for which relief can be granted and from grant of summary judgment in favor of defendant on the remaining claim. Plaintiff's claims stem from the Army's revocation of his security clearance; he challenges the Army's compliance with regulations governing revocation of a security clearance, claiming violation of his constitutional rights in connection therewith.
 
 
 4
 The district court recognized it has no jurisdiction to review the merits of a decision to revoke or deny a security clearance. See Hill v. Department of Air Force, 844 F.2d 1407, 1411 (10th Cir.), cert. denied, 488 U.S. 825 (1988). Thus, to the extent any of plaintiff's claims required such evaluation, the district court dismissed them for lack of jurisdiction. We review de novo the district court's dismissal for lack of jurisdiction. FDIC v. Oaklawn Apartments, 959 F.2d 170, 173 (10th Cir.1992). We affirm the district court's dismissal of plaintiff's claims for lack of jurisdiction to the extent they require evaluation of the merits of the revocation of plaintiff's security clearance.
 
 
 5
 In addition, the district court found that plaintiff's Privacy Act claims were barred by the two-year limitation for bringing claims under that Act. See 5 U.S.C. 552a(g)(5). A cause of action arises under the Privacy Act when three things occur: (1) an error is made in maintaining plaintiff's records, (2) plaintiff was wronged by such error, and (3) plaintiff either knew or had reason to know of the error. Bergman v. United States, 751 F.2d 314, 316 (10th Cir.1984), cert. denied, 474 U.S. 945 (1985). The court found that plaintiff knew or had reason to know of possible error and, therefore, that the limitation period began to run, no later than December 21, 1984. Plaintiff did not apply for correction of his records until 1989, did not make a request for his military records under the Freedom of Information Act until 1990, did not make a formal request under the Privacy Act until 1991, and did not bring this action until 1991.
 
 
 6
 In finding that plaintiff knew or had reason to know of the alleged error in his records no later than December 21, 1984, the district court relied on two letters written by plaintiff. We agree with the district court that the letter dated December 21, 1984, clearly indicated that plaintiff not only knew of the records being used as a basis for revocation of his security clearance, but he specifically challenged the accuracy of the information in the records. We agree with the district court that the evidence shows that plaintiff knew or had reason to know of the error no later than December 21, 1984, and, consequently, that plaintiff's Privacy Act claims are barred by the two-year limitations period.
 
 
 7
 We also affirm the district court's dismissal of plaintiff's constitutional claim under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. We agree with the district court that Hill forecloses any constitutional claims arising out of an alleged liberty or property interest related to the security clearance. Hill, 844 F.2d at 1411-12. The district court was also correct in holding that plaintiff has no entitlement to reenlist. See Lindenau v. Alexander, 663 F.2d 68, 72 (10th Cir.1981).[2] We further agree that plaintiff states no claim upon which relief can be granted in his allegation that his constitutional rights were violated based on defamation by the government. The district court was correct in its determination that the denial of a security clearance does not constitute judgment upon a person's character. See Department of Navy v. Egan, 484 U.S. 518, 528 (1988).
 
 
 8
 Finally, the district court granted summary judgment in favor of the government on plaintiff's claims that the Army failed to follow its own regulations in revoking his security clearance. See Hill, 844 F.2d at 1412 ("[C]ourts do have the power to compel agencies to follow their own regulations.") On appeal, the government points out that both plaintiff and the government relied on regulations in making their arguments that were not in effect at the time of the revocation of plaintiff's security clearance. Further, the district court relied on the same regulations in its summary judgment order. The government now points out that, in fact, AR 604-5 was in effect at the time of the investigation in question and, therefore, that regulation governs this dispute. We can affirm the district court's judgment on any grounds supported by the record. Bath v. National Ass'n of Intercollegiate Athletics, 843 F.2d 1315, 1317 (10th Cir.1988). We have thoroughly reviewed AR 604-5, and we hold that the government complied with the pertinent regulations in revoking plaintiff's security clearance.[3]
 
 
 9
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [2]
 The district court did not address plaintiff's argument that he is entitled to reenlist based on contract law, because he did not present that legal theory to the district court; we will not consider plaintiff's contract theory for the first time on appeal. See Castleglen, Inc. v. Resolution Trust Corp., 984 F.2d 1571, 1584 (10th Cir.1993)
 
 
 [3]
 We note that we have also reviewed the relevant portions of 32 C.F.R. Part 154 upon which the district court relied, and we note that the result would be the same under either set of regulations; the district court was correct in its determination that the government's actions were in compliance with those regulations, as well