93 F.3d 986
 320 U.S.App.D.C. 323
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Haywood WILLIAMS, Jr., Appellant,
v.
Janet RENO, Attorney General, U.S. Department of Justice, et
al., Appellees.
 No. 95-5155.
 United States Court of Appeals, District of Columbia Circuit.
 Aug. 7, 1996.
 
 Before: SILBERMAN, GINSBURG, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed May 2, 1995, be affirmed in part, and reversed in part and the case remanded for further proceedings, in accordance with the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 As an initial matter, Williams' motion for reconsideration was not served within ten days of entry of judgment, as required by the versions of Fed.R.Civ.P. 52(b) and 59(e) in effect at the time, thus it did not toll the time for noting an appeal. See former Fed.R.App.P. 4(a)(4) and former Fed.R.Civ.P. 52(b) and 59(e) (before December 1, 1995, service of a Rule 52(b) or 59(e) motion must be made within ten days of entry of judgment to toll the time for noting an appeal). Williams' May 10, 1995 notice of appeal is timely only with respect to the May 2, 1995 order denying reconsideration. Moreover, because the motion for reconsideration addressed only his claims for release of documents and correction of records, his remaining claims were not properly before the district court on reconsideration and thus will not be considered by this court.
 
 
 5
 With respect to Williams' allegations that his prison records are inaccurate, Williams has stated only a claim for damages under 5 U.S.C. § 552a(g)(1)(C). See Sellers v. Bureau of Prisons, 959 F.2d 307, 309-12 (D.C.Cir.1992); 5 U.S.C. § 552a(g)(4). The Privacy Act's statute of limitations requires that an action be brought within two years from the date on which the action arose, or within two years after the discovery of a willful misrepresentation by the agency that is material to its liability. 5 U.S.C. § 552a(g)(5). A cause of action under the Privacy Act arises when the plaintiff knew or should have known of the alleged violation. Tijerina v. Walters, 821 F.2d 789, 798 (D.C.Cir.1987). Failure to file within the statute of limitations is jurisdictional, thus an untimely complaint deprives the district court of subject matter jurisdiction. See Diliberti v. United States, 817 F.2d 1259, 1262-64 (7th Cir.1987). Based on the allegations in his complaint, it is clear that Williams' claim for damages arose by 1992 at the latest. Thus, on its face, the complaint is time-barred. Moreover, although Williams had the opportunity to respond to the government's statute of limitations defense on appeal, he has not done so. In any event, there are no facts Williams could allege to remedy the untimeliness of his complaint. Accordingly, the district court's refusal to reconsider its dismissal of the Privacy Act claims shall be affirmed on the ground that the complaint is time-barred.
 
 
 6
 With respect to Williams' claims for release of records under the Freedom of Information Act ("FOIA"), the government contends that because Williams did not allege that records were improperly withheld, the district court lacked subject matter jurisdiction. Williams in fact did allege that the Bureau of Prisons and the Federal Bureau of Investigation improperly withheld, at least in part, agency records that he had requested pursuant to FOIA. Moreover, the district court has subject matter jurisdiction over FOIA claims. See Sweetland v. Walters, 60 F.3d 852, 855 (D.C.Cir.1996). Accordingly, the district court abused its discretion in refusing to reconsider its dismissal of the FOIA claims.