**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANE DOE,
<u>Plaintiff-Appellant,</u>

v.                                                                No. 97-2650

NATIONAL SECURITY AGENCY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-96-2892-MJG)

Submitted: September 15, 1998

Decided: October 23, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark Steven Zaid, Washington, D.C., for Appellant. Lynne A. Bat-
taglia, United States Attorney, Earle Bronson Wilson, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jane Doe appeals the district court memorandum and order dismissing her claim under The Privacy Act of 1974, 5 U.S.C.A. § 552a (West 1996 & Supp. 1998). Doe contends the court erred in finding an agency relationship between her and her attorney which resulted in a determination that her complaint was barred by the Privacy Act's two-year statute of limitations. Finding no reversible error, we affirm.*

Doe has been employed by the National Security Agency ("NSA") since 1988. In 1991, she commenced a civil lawsuit in Virginia to recover damages caused by an automobile accident unrelated to her employment. During the course of litigation, the defendant's attorney requested certain employment information to ascertain whether insurance coverage had been paid to Doe as a result of the accident. Doe signed an authorization instructing the NSA to release copies of her employment records to both the defendant's and her own attorney.

On or about September 7, 1994, Doe's attorney received copies of Doe's records from the NSA. The released records included her employment file, leave records, complete medical file, psychological and performance evaluations, job application materials and pre-employment records and tests. On or about September 19, 1994, Doe received copies of the released documents through the NSA's internal mail system.

On September 13, 1996, Doe commenced the instant law suit. She alleged that the NSA's disclosure of certain records violated the Privacy Act. The NSA moved to dismiss the complaint on the ground that the complaint was barred by the Privacy Act's two-year statute of limitations.

_____

*Doe's amended complaint raised additional claims under the Constitution and the Administrative Procedure Act which have since been abandoned.

The district court found that Doe's cause of action accrued when Doe knew or had reason to know that the NSA had committed a violation. Following the general rule under Maryland law that a principal is charged with knowledge of the agent acquired by the agent in the course of the proceedings, the court concluded that Doe's cause of action accrued on or about September 7, 1994, when her attorney received the employment records. Thus, the court dismissed the complaint as untimely.

We review the district court's decision to grant the motion to dismiss de novo. We affirm the district court's dismissal only if it appears beyond doubt that Doe can prove no set of facts in support of her claim that would entitle her to relief. See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997).

The Privacy Act prohibits a government agency from disclosing an internal record to another person or agency without the consent of the person to whom the information pertains, with certain exceptions not relevant to this action. See 5 U.S.C.A.§ 552a(b). The Privacy Act requires that an action be brought within two years from the date on which the action arose. See 5 U.S.C. § 552a(g)(5). A cause of action arises under the Privacy Act when "the person knows or has reason to know of the alleged violation." Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990); see also Diliberti v. United States, 817 F.2d 1259, 1262 (7th Cir. 1987). The failure to comply with the limitations period deprives the court of subject matter jurisdiction. See Diliberti, 817 F.2d at 1262.

Doe does not challenge the district court's decision to use principles of agency law to determine when her cause of action accrued. Doe contends, however, that the court erred in using Maryland law rather than Virginia law. Doe argues that Virginia law governs the action because the released records were received by her attorney in Virginia and the relationship between her and her attorney was created in Virginia for the purpose of litigating a Virginia lawsuit. According to Doe, if Virginia law is used, a different conclusion is reached. The NSA contends that federal common law governs this action. Furthermore, the NSA contends that Doe is foreclosed from raising this issue because she did not present it to the district court.

3

As this court has repeatedly held, issues raised for the first time on appeal generally will not be considered. "`Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice.'" Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227 (4th Cir. 1998) (quoting Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993)).

Doe contends that the court's decision to use Maryland law was plain error. We disagree. The violation Doe complains of was the NSA's disclosure of personal information from its Maryland office. Under these circumstances, using Maryland's law on agency may have been entirely appropriate. Furthermore, as this action concerns a federal question in which a federal agency has a critical interest in its outcome, using federal common law, as the NSA suggests, may also be appropriate. See Caudill v. Blue Cross & Blue Shield of N. C., 999 F.2d 74, 78-79 (4th Cir. 1993) (federal common law is applicable if the matter involves a unique federal interest and significant conflict exists between the federal interest and the effect of state law or the application of state law frustrates the federal legislation's objectives).

Regardless of which law is used, even Virginia's law which strictly limits the authority of the agent, Doe's claim must fail. See, e.g., Eitel v. Schmidlapp, 459 F.2d 609, 613 (4th Cir. 1972) (Virginia "strictly limits the authority of an agent to the letter of his instructions"). Virginia follows the general rule that knowledge of an agent gained while executing the agency is imputed to the principal. Id. at 615; see also Grogg v. Stevens, 6 F.2d 862, 863 (4th Cir. 1925). This rule is based upon the principle that it is the "agent's duty to communicate to his principal the knowledge which he has respecting the subject matter" of the relationship. People's Nat'l Bank of Rocky Mount v. Morris, 148 S.E. 828, 830 (Va. 1929). The principal is subject to the liabilities imposed by this knowledge. See Baker v. Berry Hill Mineral Springs Co., 71 S.E. 626 (Va. 1911). Exceptions may occur if the agent is committing a fraud upon the principal, engaged in self-dealing, or if communicating the knowledge to the principal would be illegal. See Fulwiler v. Peters, 20 S.E.2d 500, 502-03 (Va. 1942); In re Distilled Spirits, 78 U.S. 356 (11 Wall.), 367 (1870). None of those exceptions apply here.

4

We are not persuaded by Doe's argument that her attorney was only authorized to receive certain employment records. Her attorney received the disclosed documents only because of the agency relationship. It was the agent's duty to inform Doe what documents had been disclosed by her employer under the authority of her authorization, even if some of the documents were released in error. Furthermore, although Doe insists that her attorney's authority had limits, we find it difficult to believe that she would not want her attorney to receive the same documents her adversary received.

We are also not persuaded by Doe's argument that her attorney was not under a duty to inform her of the disclosure because he did not appreciate the significance of the documents. Doe claimed in her complaint that the disclosure of the records had a significant detrimental impact on her Virginia lawsuit. According to Doe, the defendant's attorney used the disclosed records to "embarrass, humiliate and intimidate Jane Doe during judicial proceedings" and "the jury awarded Jane Doe a lesser amount of damages" due to the defendant's attorney's use of the disclosed records. (J.A. at 8). Obviously, by Doe's own admission, the disclosed records were very relevant to Doe's lawsuit. Doe's attorney should have recognized the significance of the records. See State Bank of Pamplin v. Payne, 159 S.E. 163, 165 (Va. 1931) (agent had duty to disclose material information to principal).

It was Doe's duty to establish that the complaint was filed within the Privacy Act's limitations period. See Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989). Dismissal was entirely appropriate because the face of Doe's complaint showed that the limitations period had run. See Brooks v. Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). Doe submitted no evidence contradicting the complaint's statement regarding when her attorney received the disclosed documents.

Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5