Joseph R. WEBER, Appellant,

v.

William J. HENDERSON; Postmaster General of the United States Postal Service; Alexis M. Herman, Secretary of Labor, the United States Department of Labor, Agency.

No. 01–1049.

United States Court of Appeals, Third Circuit.

Submitted Feb. 21, 2002.

Decided March 18, 2002.

Before NYGAARD, McKEE, and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Joseph R. Weber, appeals from a District Court order granting summary judgment for the defendants and dismissing his complaint filed pursuant to 5 U.S.C. § 552a(g). The District Court had jurisdiction over this matter by virtue of 28 U.S.C. §§ 1331. We have jurisdiction to review the District Court's final

orders pursuant to 28 U.S.C. § 1291 and exercise plenary review over its grant of summary judgment. *Johnson v. Horn,* 150 F.3d 276, 280 (3d Cir.1998).

## I.

The facts of this case are fully set forth in the District Court's opinion and order entered December 12, 2000. Therefore, we see no need to recite them in detail here, except to note that in November, 1998, Weber filed suit for damages against his employer, the United States Postal Service ("USPS"), and the Department of Labor ("DOL"), which oversees the Office of Workers Compensation Programs ("OWCP"), for alleged violations of the Privacy Act of 1974, 5 U.S.C. § 552a(e) and (g). Weber's claims arise out of the defendants' alleged failure to exercise due care in the maintenance of two separate workers' compensation claim files regarding Weber's February 1994 claim of injuries to his shoulder and his request to buy back sick time he used in connection with a 1991–1992 stress-related illness workers compensation claim. Specifically, Weber alleged that the defendants mishandled and lost the entire workers compensation shoulder claim file in December, 1995, and that they failed to give him a record created in November, 1994, regarding a limited duty position that he alleged he would have been able to fill in 1994 (the "shoulder claims"). He also alleged that on January 10, 1996, he advised the defendants that his doctor had released him to return to limited duty work but that the defendants did not allow him to return to work until May, 1998. Finally, Weber alleged that the defendants mishandled and lost his request to buy back sick leave used for his stress-related illness (the "buy-back" claim). He alleged that he filed the request to buy back his sick time in February, 1996, but the defendants took no action on the request until October, 1998.

He claimed that the defendants' lack of due care impermissibly delayed his return to work from his shoulder injury by at least two years and impermissibly delayed the processing of his request to buy-back sick time by about two and one-half years.

By order entered December 12, 2000, the District Court granted summary judgment for the defendants, concluding that Weber's shoulder claims were barred by the Privacy Act's two year statute of limitations since Weber knew or should have known that his shoulder claim file had been lost or misplaced in December, 1995, almost three years before he filed his complaint. As to Weber's buy-back claim, the District Court held that it was barred by res judicata, finding that the same claim against the same parties had been settled and the case dismissed by the District Court in a prior lawsuit, civil action No. 97–7880, in October, 1998. Weber then timely appealed.

## II.

■■■ We will affirm the order granting summary judgment. Weber's shoulder claims were barred by the Privacy Act's two-year statute of limitations. *See* 5 U.S.C.A. § 552a(g)(5). The statute of limitations is a jurisdictional prerequisite to filing suit under the Privacy Act. *Bowyer v. U.S. Department of the Air Force,* 875 F.2d 632, 635 (7th Cir.1989). An action may be brought "within two years from the date on which the cause of action arises." *See* 5 U.S.C.A. § 552a(g)(5). A cause of action under the Privacy Act arises when the individual either knew or had reason to know of the alleged error in maintaining the individual's records and the individual was harmed by the alleged error. *See Diliberti v. United States,* 817 F.2d 1259, 1262 (7th Cir.1987). It is undisputed that Weber obtained a copy of the

November, 1994 record regarding a proposed limited duty position by July, 1995, because he forwarded copies of the record to the defendants at that time. His claim that the defendants failed to produce this record to him in November, 1994 began to accrue in July, 1995. Weber did not file suit until November, 1998, more than two years after the cause of action arose. Likewise, Weber's claim regarding the misplacement of the entire workers compensation shoulder claim file also fails for the same reasons. Weber knew that the entire file had been lost as early as December, 1995, when he was informed by the defendants in writing that the record had been misplaced.

■ On appeal, Weber claims for the first time that the defendants deliberately, intentionally, and willfully withheld the production of a memorandum prepared in July, 1996, by Harvey White, the Manager of Human Resources for the USPS Philadelphia District, in which Mr. White explained that Weber had not returned to work yet because the OWCP had not released him to return to work. Weber alleges that had he received the memo in July, 1996, much of the related litigation then pending in District Court would have been avoided. He contends that the statute of limitations should be tolled since the existence of the memorandum was not made known to him until March 2, 2000, and since the failure to disclose the document was intentional.[1] There are two problems with Weber's claim. First, he did not raise this claim in his response to the defendants' summary judgment motion filed in District Court on March 31, 2000. Thus, the District Court did not consider it. Claims that are not properly raised in

the District Court cannot be raised for the first time on appeal. *See Medical Protective Co. v. Watkins,* 198 F.3d 100, 105 n. 5 (3d Cir.1999); *United States v. Anthony Dell' Aquilla Enters.,* 150 F.3d 329, 335 (3d Cir.1998). Second, even if we were to consider his claim, we would find it to be meritless. There is no evidence in the record to show that the failure to disclose the July 1996 memo was the result of willful misrepresentation.

■ As for Weber's claim alleging that the defendants failed to allow him to buy back the sick time he used in connection with a stress-related claim, we agree with the District Court that the claim is barred by res judicata. "Final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). In *Weber v. Herman,* C.A. No. 97–7880, which was filed in December, 1997, Weber brought the buy-back claim against the same defendants as a cause of action under the Federal Employees Compensation Act. Since his cause of action under the Privacy Act had already started to accrue, he could have raised the Privacy Act buy-back claim in No. 97–7880, but did not. Pursuant to a settlement agreement in No. 97–7880, the defendants agreed to process Weber's buy-back request. For purposes of res judicata, final judgment on the merits occurred when the District Court approved settlement and dismissed the case in October, 1998. *See Matter of West Texas Marketing Corporation,* 12 F.3d 497 (5th Cir.1994).

---

**1.** The Privacy Act provides that "where an agency has materially and willfully misrepresented" information required to be disclosed and the information is material to the estab-

lishment of liability, "the action may be brought at any time within two years after the discovery by the individual of the misrepresentation." 5 U.S.C. § 552a(g)(5).

For the foregoing reasons, we conclude that summary judgment was correctly granted. We will, therefore, affirm the judgment of the District Court.