

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-24-2009

# Kenneth Burnam v. Helen Marberry

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kenneth Burnam v. Helen Marberry" (2009). *2009 Decisions.* Paper 1824.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1824

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-103                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3956

———————

KENNETH BURNAM,
                                        Appellant

v.

WARDEN H.J. MARBERRY;
FCI MCKEAN; BUREAU OF PRISONS;
DHO R. NOAH

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-00097)
District Judge:  Honorable Maurice B. Cohill, Jr.

———————

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit Judges</u>

(Opinion filed: February 24, 2009)

———————

OPINION

———————

PER CURIAM

        On May 4, 2007, Appellant Kenneth Burnam ("Burnam") filed this action in the

Western District of Pennsylvania, purportedly seeking both habeas corpus relief pursuant

to 28 U.S.C. § 2241 and injunctive relief pursuant to § 552a(e)(5) of the Privacy Act. In spite of its characterization of Burnam's action as a bonafide § 2241 petition, the District Court allowed Burnam to twice amend the petition to include additional civil claims.[1] The District Court ultimately denied relief for Burnam on all fronts. Burnam appealed, and Appellees Warden H.J. Marberry, FCI-McKean, the Bureau of Prisons, and DHO R. Noah (collectively, "the Government") filed a motion for summary action. We will grant the Government's motion, and affirm the order of the District Court.

While we do not endorse the District Court's method of case management, its substantive assessment of Burnam's legal claims is sound.[2] In particular, the District Court correctly found that Burnam had failed to pursue his Privacy Act claims within that statute's prescribed limitations period. See 5 U.S.C. § 552a(g)(5) ("An action to enforce

---

[1] Those additional claims being another under the Privacy Act, and one under 5 U.S.C. § 701, et seq., the Administrative Procedures Act ("APA").

[2] Burnam sought expungement of his 1998 BOP incident report and relief under the Privacy Act (and later the APA), with the ultimate aim of serving his federal sentence in a less restrictive environment. None of these claims "spell[s] speedier release," and thus none "lies at 'the core of habeas corpus.'" Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). Burnam's repeated references to § 2241 in his filings apparently led the District Court to construe the action as such, but even so it should not have combined the habeas action and the claims under the Privacy Act and APA into a single case. Cf. Preiser, 411 U.S. at 500; Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A better approach would have been to dismiss the habeas petition without prejudice and to focus on the alleged statutory violations, or in the alternative to have still construed the action as one of habeas corpus but to restrict its scope to challenges to the fact or duration of Burnam's confinement, or the execution of his sentence. In any event, Burnam's challenge to the BOP's inmate security level determination does not fall within the narrow jurisdictional ambit of Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005).

2

any liability created under this section may be brought . . . within two years from the date on which the cause of action arises"). A cause of action under the Privacy Act arises when the individual either knew or had reason to know of the alleged error in maintaining the individual's records and the individual was harmed by the alleged error. See Rouse v. United States Dep't of State, 548 F.3d 871, 876 (9th Cir. 2008); Harrell v. Fleming, 285 F.3d 1292, 1293-94 (10th Cir. 2002).

The gist of Burnam's Privacy Act claims is that the BOP failed to maintain an accurate record of a 1998 incident report from when he was incarcerated at FDC-Miami, which impeded his ability to challenge that report's veracity and in turn his current "history of violence" score.[3] His sole argument in opposition to the Government's motion for summary action is that he did not learn of the BOP's Privacy Act violation until after a new BOP policy, made effective September 12, 2006, subjected his "history of violence" score to a re-scoring, and therefore his Privacy Act claims are timely. Burnam's argument, however, is unavailing. The record reveals that he knew or should have known of the BOP's alleged failure to maintain accurate records when he began serving his most recent sentence at FCI-McKean in 2000, and was immediately given an inmate security

_____

[3] The designation of the type of prison in which an inmate will serve his sentence - the inmate's custody level - is generally determined by an inmate's security level, which is affected by the presence of several factors, including a history of institutional violence. See BOP Program Statement, Security Designation and Custody Classification Manual, No. 5100.08 Ch. 5 7-13 (2006), available at http://www.bop.gov/policy/progstat/5100_008.pdf.

score based on that very 1998 incident report. Thus his Privacy Act claims are untimely by at least four years.

Burnam's remaining claim, that the BOP's scoring of his current offense as "Greatest Severity" is "arbitrary and capricious" in violation of § 706 of the APA, requires little discussion. The District Court correctly determined that Congress has precluded judicial review of claims made pursuant to § 706. See 18 U.S.C. § 3625; see also Martin v. Gerlinksi, 133 F.3d 1076, 1079 (8th Cir. 1998).

There being no substantial question presented by Burnam's appeal, we will grant the Government's motion and summarily affirm the District Court's order. See LAR 27.4; I.O.P. 10.6.