**Eugene SZYMANSKI, Plaintiff,**

v.

**UNITED STATES PAROLE
COMMISSION,
Defendant.**

**Civ. A. No. 94–354.**

United States District Court,
District of Columbia.

Dec. 2, 1994.

John A. Flyger, Steptoe & Johnson, Washington, DC, for plaintiff.

Diane Marie Sullivan, U.S. Attorney's Office, Washington, DC, for defendant.

SPORKIN, District Judge.

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on defendant's motion to dismiss plaintiff's claim under the Privacy Act. 5 U.S.C. § 552a(e)(5) and § 552a(g)(1)(C). For the reasons stated below, defendant's motion is granted.

### Background

On November 9, 1987, plaintiff was sentenced to fifteen years in prison and five years of special parole by the U.S. District for the Eastern District of Michigan for conspiracy to distribute heroin and for distribution of heroin. The October 15, 1987 presentence report for plaintiff contained, among other information, the basis of the indictment, the prosecution's and the defendant's version of the crimes plaintiff was charged with, and an offense severity rating of 6. The report also included the following statement:

> The defendant advises that he drinks "beer and wine every day" and, "gets pretty high". He has used cocaine (via inhalation and free basing) "when it was offered to me" and was a "heavy user" of marijuana.

Plaintiff applied for parole on May 7, 1991. At his initial parole hearing on July 22, 1991, the parole examiners considered the presentence report, the prehearing assessment, and an institutional progress report, which stated that the plaintiff had been found guilty of a disciplinary infraction for possession of marijuana while in prison. On August 9, 1991, defendant denied plaintiff's parole application and continued him to a presumptive parole after 79 months. On August 23, 1991, plaintiff appealed the decision to the National Appeals Board. The Board denied the appeal on December 13, 1991.

Plaintiff again applied for parole on April 16, 1993. His application was heard by the parole commission on June 28, 1993 and was denied on July 15, 1993. His July 23, 1993 appeal was denied on August 16, 1993. On February 9, 1994, defendant imposed the special condition that plaintiff participate in a halfway house program for up to 120 days

after his parole.[1]  On February 28, 1994, plaintiff sought to appeal the order requesting "correction of misinformation" and informed the parole commission that he had filed suit in this Court under the Privacy Act on February 25, 1994.

Plaintiff claims monetary damages of $250,000 under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C) and § 552a(g)(4). The complaint asserts that defendant failed to maintain accurate records and made a determination adverse to plaintiff on the basis of those records, which caused him emotional harm. Although the complaint does not specify the adverse determination that gives rise to this cause of action, it appears that it is the August 9, 1991 denial of parole.  Based on the information plaintiff cites in his complaint, the records at issue appear to be the presentence report, the June 3, 1991 institutional progress report, and the June 12, 1991 prehearing assessment.

## ANALYSIS

■  Defendant moved to dismiss the complaint on the grounds that plaintiff's claim is barred by the two year statute of limitations for Privacy Act claims. 5 U.S.C. § 552a(g)(5). Because the statute of limitations is a condition of the sovereign's consent to be sued, failure to file suit within two years of the time that plaintiff learns of the violation of the statute "deprives the federal courts of subject matter jurisdiction over the action." *Diliberti v. United States,* 817 F.2d 1259, 1262 (7th Cir.1987).

■  A cause of action arises under the Privacy Act at the time that, (1) an error was made in maintaining plaintiff's records;[2] (2) plaintiff was harmed by the error; and (3) the plaintiff either knew or had reason to know of the error. *See Bergman v. United States,* 751 F.2d 314, 317 (10th Cir.1984); *see*

*also Tijerina v. Walters,* 821 F.2d 789, 798 (D.C.Cir.1987) (holding that the statute of limitations begins to run when plaintiff knew, or should have known of the alleged violation).  Under this standard it is clear that plaintiff's claim is time barred.

■  The prehearing assessment report is dated June 12, 1991, which is the latest date that an error could have been made in the documents that plaintiff challenges.[3]  If plaintiff was harmed by any errors in the documents, the harm occurred as a result of the August 9, 1991 parole decision.[4]  Plaintiff claims that he knew or had reason to know of the error(s) in June 1993.  The record shows however, that plaintiff knew or should have known of alleged violation at the latest by August 23, 1991.  Because plaintiff did not file suit until February, 1994, the suit is not timely.

The record shows that plaintiff knew or should have known about all the information that he maintains is incorrect by August 23, 1991.  Plaintiff asserts that he is innocent of the 1988 prison drug infraction that is cited in the June 3, 1991 institutional progress report.  Plaintiff reviewed this document on June 4, 1991 yet did not file this suit until 1994.  The other information that plaintiff maintains is incorrect is in his 1987 presentence report and the June 12, 1991 prehearing assessment.  This Court finds for two reasons that plaintiff knew or should have known of the information in those documents that he claims are incorrect more than two years before he filed suit.  First, on May 7, 1991 plaintiff waived his right to inspect the files that were to be considered by the parole commission.  Because plaintiff was given the opportunity to review the documents he now maintains contain incorrect information and waived that opportunity, the Court finds that he should have known about any errors at

---

1.  Defendant was paroled on March 19, 1994.

2.  This Court need not decide whether plaintiff's claim that there is incorrect information in his files is valid.  In this case, even if plaintiff's allegations are true, his claim is time-barred.

3.  The presentence report is dated October 15, 1987; the institutional progress report is dated June 3, 1991.

4.  Although plaintiff was denied parole again in 1993, August 9, 1991 is still the correct date for the statute of limitations analysis.  A new cause of action does not arise each and every time there is a subsequent adverse determination based on the allegedly incorrect records.  *See Diliberti,* 817 F.2d at 1264.

the time of this waiver. Second, in his August 23, 1991 appeal to the National Parole Commission, plaintiff complained about all the same information that he cites in his complaint, except for the 1988 drug infraction.[5] As a result, the Court finds that as of August 23, 1991, plaintiff knew about the information he maintains is incorrect in his complaint.

Because plaintiff did not file his complaint until February 25, 1994, the Court finds that it is barred by the statute of limitations. An appropriate orders follows.

---

**5.** Plaintiff knew about the report of his drug infraction by June 4, 1991. *See supra.*