Johnnie M. **GRIFFIN**, Plaintiff,

v.

**UNITED STATES PAROLE COMMISSION,**
Defendant.

**Civil Action No. 96–0342(JR).**

United States District Court,
District of Columbia.

March 31, 1999.

Bernard Fensterwald, III, Fensterwald & Alcorn, Vienna, VA, for plaintiff.

Meredith Manning, Assistant United States Attorney, Washington, DC, for defendant.

### MEMORANDUM

ROBERTSON, District Judge.

This case, brought pursuant to the Privacy Act, 5 U.S.C. § 552a, seeks damages for defendant's allegedly willful use of erroneous information to justify setting plaintiff's parole rehearing date beyond the guideline range. It is before the Court on remand from the Court of Appeals. Defendant now moves to dismiss or, in the alternative, for summary judgment on the grounds that the action is barred by the statute of limitations and that the information relied upon is accurate. Plaintiff, through appointed counsel, filed a response in opposition to the motion. The briefs and the entire record have been carefully reviewed. Defendant's motion will be granted.

### BACKGROUND

#### A. *Facts*

After serving six years in prison for bank robbery, Johnnie M. Griffin was granted parole in 1980. *See* Defendant's Statement of Material Facts as to Which There is No Genuine Issue ("Def.'s Stmt."), ¶¶ 1–2. Fourteen months later, he was arrested for armed bank robbery. Def.'s Stmt. ¶ 3. In a letter dated February 3, 1982, Mr. Griffin's probation officer, William H. Tugwell, informed the United States Parole Commission that, in addition to the robbery for which he had been arrested on the most recent occasion, he was being questioned in connection with seven other bank robberies. *Id.* Attached to this letter was a newspaper article in which Robert Epps, Jr., Mr. Griffin's cousin, and an unidentified second man were "suspected in eight bank robberies." *Id.* Mr. Griffin was later convicted of robbing one of these eight banks. Def.'s Stmt. ¶ 4. Officer Tugwell advised the Parole Commission that the Federal Bureau of Investigation had evidence that Mr. Griffin and his cousin were responsible for all eight bank robberies. Def.'s Stmt. ¶ 5; Defendant's Exhibit ("Def.'s Exh."), I.

The Parole Commission revoked plaintiff's parole on August 27, 1991 and set his parole rehearing date at fifteen years, beyond the guideline range,[1] because Mr.

---

1. The Sentencing Reform Act of 1984 abolished parole for persons convicted of federal offenses after November 1, 1987. Because Mr. Griffin's conviction was before the effective date of the Act, parole determinations are made by reference to guidelines. *See, e.g.,*

Griffin had "committed at least seven bank robberies...." Def.'s Stmt. ¶ 9; Def.'s Exh. U. The revocation was affirmed by the National Appeals Board on the ground that Mr. Griffin had committed eight bank robberies. Def.'s Stmt. ¶ 11; Def.'s Exh. W. Mr. Griffin moved on July 23, 1992 to re-open his revocation hearing on the ground that it was based on the erroneous finding that he had committed eight bank robberies when he had only committed three. Def.'s Stmt. ¶ 12. The motion to re-open was denied based on Probation Officer Tugwell's letter dated June 11, 1982. The letter stated that the FBI's evidence that Mr. Griffin had robbed six banks, together with his two federal convictions, "results in a total of eight bank robberies." Def.'s Stmt. ¶ 13; Def.'s Exh. Z.

### B. *Procedural History*

This Court's order granting defendant's initial motion for summary judgment was reversed by the Court of Appeals upon a finding that the accuracy of the information in plaintiff's file presented a genuine issue of material fact. "The record reveals that the Commission's decision on Griffin's parole was based in part on a letter from his probation officer stating that the FBI has evidence of Griffin's involvement in eight bank robberies. Although this information—that the FBI has such evidence—is capable of verification, the record does not contain any evidence fully supporting the probation officer's claim." *Griffin v. United States Parole Comm'n*, CA No. 97–5084, 1997 WL 529064, *1 (D.C.Cir. July 16, 1997). On remand, plaintiff was pro-

vided with appointed counsel pursuant to Local Rule 702.1.[2]

### DISCUSSION

The parties have now briefed the issue identified by the Court of Appeals, but defendant has raised for the first time the pre-emptive assertion that plaintiff's Privacy Act claim is barred by the statute of limitations. The Court turns first to that issue.

### A. *Statute of Limitations*

■ The parties agree that the applicable statute of limitations for plaintiff's Privacy Act claim is two years "from the date on which the cause of action arises...." 5 U.S.C. § 552a(g)(5). The cause of action arises when the plaintiff knew or should have known of the Privacy Act violation. *Tijerina v. Walters*, 821 F.2d 789, 797–98 (D.C.Cir.1987). Plaintiff clearly knew of the alleged violation on July 23, 1992, when his former counsel contested the probation officer's assertion that he had committed eight bank robberies. Plaintiff's complaint in this action is dated December 5, 1995, well over two years later.[3]

Plaintiff argues that his cause of action did not arise until he knew or should have known the claim that he would make in this action, namely, that: "(1) he ha[d] been aggrieved by an adverse determination, (2) the Commission failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination, (3) the Commission's reliance on the inaccurate records was the proximate cause of the adverse determination, and (4) the Commission acted intentionally or will-

*Norwood v. Brennan*, 891 F.2d 179, 182 (7th Cir.1989).

**2.** The Court wishes to express its appreciation to Bernard Fensterwald, III of the firm of Fensterwald & Alcorn for his representation of plaintiff through the Court's Civil Pro Bono Panel.

**3.** When the date of a prisoner's "filing" is important, the courts will look to when the

prisoner tendered the pleading to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). The complaint in this case was not formally filed until February 22, 1996, but the Court will use the date plaintiff signed the complaint as the earliest possible date it could have been "filed" for purposes of applying the statute of limitations.

fully in failing to maintain accurate records." *Griffin v. United States Parole Comm'n,* CA No. 97–5084, 1997 WL 529064, *1 (D.C.Cir.1997). Plaintiff does not say when his cause of action arose, only that defendant has failed to establish that it was earlier than December 5, 1993. But obviously plaintiff knew of the Parole Commission's adverse determination on or shortly after the date it was issued, September 17, 1991. He not only knew but asserted in his letter of July 23, 1992, that the Commission maintained inaccurate records regarding his involvement in eight bank robberies. This same letter asserted proximate cause, arguing that the Commission's decision "was based upon the incorrect finding that Mr. Griffin had committed eight bank robberies...." Def.'s Exh. X. The Parole Commission's refusal thereafter to correct its records put plaintiff on notice that its actions were intentional. The record firmly established that the cause of action asserted in this case arose on or shortly after July 23, 1992.

■ Plaintiff next argues that the statute of limitations should be tolled while he is under a legal disability due to his incarceration. In pressing this argument, plaintiff relies on tolling provisions applied in actions brought under 42 U.S.C. § 1983. The limitation of actions filed pursuant to 42 U.S.C. § 1983 is governed by state law. *See Banks v. Chesapeake & Potomac Telephone Co.,* 802 F.2d 1416, 1421 (D.C.Cir. 1986). Federal courts following state statutes of limitations must also adopt state tolling provisions unless they are inconsistent with the Constitution and laws of the United States. *Chardon v. Soto,* 462 U.S. 650, 660, 103 S.Ct. 2611, 77 L.Ed.2d 74 (1983). These rules are inapplicable, however, where a statute embodies its own period of limitations. The Privacy Act is such a statute—and it has no tolling provision.

■ Plaintiff nevertheless urges that the policy reasons for equitable tolling under 42 U.S.C. § 1983 should be generally applied. The argument is not persuasive.

Section 1983 provides a federal remedy for deprivation of constitutional rights under color of state law. The remedies provided by the Privacy Act, by contrast, are recognized by Congress as limited statutory exceptions to sovereign immunity. The policy reasons underlying the two kinds of remedies are not comparable. Even if the Court were to consider equitable tolling, it would not be granted here, where plaintiff offers no reason why he could not have filed this action earlier. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling does not extend "to what is at best a garden variety claim of excusable neglect"). Plaintiff failed to bring his complaint within two years after his cause of action arose, and the claim is accordingly barred by the statute of limitations.

■ Defendant argues that because plaintiff failed to file within two years, this Court lacks subject matter jurisdiction, relying on *Szymanski v. United States Parole Comm'n,* 870 F.Supp. 377, 378 (D.D.C. 1994). *Szymanski,* without analysis, relied on *Diliberti v. United States,* 817 F.2d 1259, 1262 (7th Cir.1987), in which the court stated:

> The statutory time limitation, however, is unquestionably an integral condition of the sovereign's consent to be sued under the Privacy Act. Accordingly, we hold that a plaintiff's failure to file suit within the time period specified in § 552a(g)(5) deprives the federal courts of subject matter jurisdiction over the action.

This approach to federal court jurisdiction has been repeatedly rejected by our Court of Appeals. "To hold otherwise would be to approve a system in which courts pass on the legal sufficiency of constitutional arguments in order to determine whether they may pass on their validity, a system in which courts would adjudicate in the guise of not adjudicating." *National Federation of Federal Employees v. Greenberg,* 983 F.2d 286,

290 (D.C.Cir.1993). This Court has subject matter jurisdiction over plaintiff's Privacy Act suit if it arises under the laws of the United States unless the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Plaintiff's complaint is titled and pleaded exclusively as an action for declaratory relief and damages under the Privacy Act, 5 U.S.C. § 552a. Had this claim been "wholly insubstantial and frivolous" it would not likely have been remanded by the Court of Appeals.

The fact that the Privacy Act works as a limited waiver of the United States' sovereign immunity does not alter the conclusion that this Court has subject matter jurisdiction. *Kleiman v. Department of Energy,* 956 F.2d 335, 339 (D.C.Cir.1992) (because district court has subject matter jurisdiction over claim beyond scope of Privacy Act, case must be dismissed for failure to state claim); *see Haddon v. Walters,* 43 F.3d 1488, 1490–91 (D.C.Cir.1995) (court had subject matter jurisdiction to determine whether former White House chef had stated a claim for employment discrimination actionable under 42 U.S.C. § 2000e–16). Consequently, this Court finds that it has subject matter jurisdiction over plaintiff's Privacy Act claim, but that plaintiff has failed to state a claim upon which relief may be granted.

**B.** *Accuracy of the Records*

▮ The Parole Commission's statute of limitations argument has short-circuited the purpose for which this case was remanded. Still, it may be useful for the parties to have the Court's view of the plaintiff's claim that the records on which the Parole Commission acted were inaccurate.

Upon remand, the defendant has submitted excerpts from the FBI's investigation reports indicative of plaintiff's involvement in six bank robberies for which he was not indicted. Def.'s Exhs. EE–HH. Plaintiff does not dispute that these records constitute evidence of his participation in six bank robberies in addition to the two for which he was convicted. He continues to argue, however, that defendant has inaccurately and incompletely summarized this evidence as establishing that he *committed* eight bank robberies. This argument is not germane to the question remanded by the Court of Appeals. The record clearly establishes that the FBI did have "evidence of" plaintiff's involvement in eight bank robberies. The Parole Commission had before it a statement that such "evidence" existed. That statement was accurate.

An appropriate Order accompanies this Memorandum.

### ORDER

For the reasons set forth in the accompanying Memorandum, it is hereby

**ORDERED** that defendant's motion to dismiss or, in the alternative, for summary judgment [30] is **GRANTED;** and it is

**FURTHER ORDERED** pursuant to Fed.R.Civ.P. 12(b)(6) that this case is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.